UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HUBERT DUPIGNY,<br><br>                              Plaintiff,<br><br>-against-<br><br>UNITED STATES OF AMERICA; GEOFFREY S. BERMAN; ELINOR TORLOW; MOLLIE BRACEWELL; JACOB GUTWILLING; AARON MYSLIWIEC; THEIR OFFICERS AND AGENTS, SERVANTS, EMPLOYEES, ATTORNEYS, AND ALL OTHERS (INCLUDING SUBSIDIARIES) IN ACTIVE CONCERT OF PARTICIPATION, IN THEIR OFFICIAL AND INDIVIDUAL CAPACITY,<br><br>                              Defendants. | 20-CV-5346 (CM)<br><br>ORDER DIRECTING PAYMENT OF FEES OR IFP APPLICATION AND PRISONER AUTHORIZATION |

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, currently detained in the Metropolitan Detention Center in Brooklyn, New York, brings this *pro se* action, which he styles as a "Motion for a Restraining Order, a Cease and Desist Order, and Injunction." To proceed with a civil action in this Court, a prisoner must either pay $400.00 in fees – a $350.00 filing fee plus a $50.00 administrative fee – or, to request authorization to proceed *in forma pauperis* (IFP), that is, without prepayment of fees, submit a signed IFP application and a prisoner authorization. *See* 28 U.S.C. §§ 1914, 1915. If the Court grants a prisoner's IFP application, the Prison Litigation Reform Act requires the Court to collect the $350.00 filing fee in installments deducted from the prisoner's account. *See* 28 U.S.C. § 1915(b)(1). A prisoner seeking to proceed in this Court without prepayment of fees must therefore authorize the Court to withdraw these payments from his account by filing a "prisoner authorization," which directs the facility where the prisoner is incarcerated to deduct the $350.00 filing fee[1] from the

---

[1] The $50.00 administrative fee for filing a civil action does not apply to persons granted

prisoner's account in installments and to send to the Court certified copies of the prisoner's account statements for the past six months. *See* 28 U.S.C. § 1915(a)(2), (b).

It is unclear whether Plaintiff intended to file a new action in this Court. Plaintiff mailed his motion to this Court without the filing fees or an IFP application and prisoner authorization. If Plaintiff intends to file a new action in this Court, he must either pay the $400.00 in fees or submit the attached IFP application and prisoner authorization within thirty days of the date of this order. If Plaintiff submits the IFP application and prisoner authorization, they should be labeled with docket number 20-CV-5346 (CM).[2]

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. No summons shall issue at this time. If Plaintiff complies with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time allowed, the Court will dismiss the action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:  July 27, 2020
         New York, New York

                                            COLLEEN McMAHON
                                     Chief United States District Judge

---

IFP status under 28 U.S.C. § 1915.

   [2] Plaintiff is cautioned that if a prisoner files a federal civil action that is dismissed as frivolous or malicious, or for failure to state a claim on which relief may be granted, the dismissal is a "strike" under 28 U.S.C. § 1915(g). A prisoner who receives three "strikes" cannot file federal civil actions IFP as a prisoner, unless he is under imminent danger of serious physical injury and must pay the filing fees at the time of filing any new federal civil action.