UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HUBERT DUPIGNY,

                Plaintiff,

-against-

UNITED STATES OF AMERICA; GEOFFREY S. BERMAN; ELINOR TORLOW; MOLLIE BRACEWELL; JACOB GUTWILLING; AARON MYSLIWIEC; THEIR OFFICERS AND AGENTS, SERVANTS, EMPLOYEES, ATTORNEYS, AND ALL OTHERS (INCLUDING SUBSIDIARIES) IN ACTIVE CONCERT OF PARTICIPATION, IN THEIR OFFICIAL AND INDIVIDUAL CAPACITY,

                Defendant.

20-CV-5346 (CM)

ORDER

COLLEEN McMAHON, Chief United States District Judge:

    On July 9, 2020, Plaintiff, currently detained in the Metropolitan Detention Center in Brooklyn, New York, filed this *pro se* action alleging that United States Attorney Geoffrey Berman; Assistant District Attorneys Elinor Torlow, Mollie Bracewell, and Jacob Gutwilling; and defense counsel Aaron Mysliwiec violated his constitutional rights in connection with his criminal proceedings, *United States v. Dupigny*, No. 18-CR-0528-1 (JMF) (S.D.N.Y.) (sentencing adjourned to March 23, 2021).

    By order dated July 27, 2020, the Court directed Plaintiff, within thirty days, to pay the $400.00 in fees required to bring a civil action in this Court or, to proceed *in forma pauperis* (IFP), that is, without prepayment of fees, submit an IFP application and prisoner authorization.[1] On August 28, 2020, the Court received Plaintiff's letter stating his intent to pay the filing fees

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

rather than submit an IFP application, seeking an extension of time, and asking for additional information about how to pay the fees. (ECF No. 3.) By order dated September 2, 2020, the Court granted Plaintiff's request for an extension. (ECF No. 4.) That order also included directions on how to submit payment, including the instruction that any certified check or money order must include this case number (20-CV-5346 (CM)). On October 14, 2020, the Court granted Plaintiff a second extension to comply with this order. (ECF No. 6.) On November 9, 2020, the Court received Plaintiff's letter restating his intention to pay the filing fees. (ECF No. 7.)

On December 1, 2020, the administrative fee to file a civil action increased from $50.00 to $52.00, bringing the total fees to file a new action to $402.00. On December 7, 2020, the Court received from Plaintiff a money order for $400.00 and a copy of a complaint. But because Plaintiff did not include this case number on the submission and included a complaint, the Clerk of Court opened the complaint as a new civil action under docket number 20-CV-10281 (AJN) and returned Plaintiff's $400.00 money order to him as insufficient to file the new action.[2]

Because Plaintiff's December 7, 2020 submission may have been an attempt to comply with the Court's earlier orders in this case, the Court grants him a final extension of time to do so. Within thirty days of the date of this order, Plaintiff must either resubmit the $400.00 in fees – the relevant fees at the time he filed the complaint in this action – or submit an IFP application and prisoner authorization. **Plaintiff must include the case number for this action -- 20-CV-5346 (CM) -- on any certified check, money order, IFP application, prisoner authorization, or other document submitted regarding this action.**

---

[2] By order dated December 11, 2020, Judge Alison J. Nathan dismissed Plaintiff's complaint under docket number 20-CV-10281 as duplicative of this action. *Dupigny v. United States*, ECF 1:20-CV-10281, 4 (S.D.N.Y. Dec. 11, 2020).

Plaintiff is cautioned that even if he prepays the filing fees to bring this action, the Prison Litigation Reform Act requires the Court to screen the complaint and to dismiss the complaint, or any portion of it, if the Court determines that the complaint is frivolous, malicious, or fails to state a claim on which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A.

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. No summons shall issue at this time. If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed. No further extensions will be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:  December 14, 2020
        New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge