UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HUBERT DUPIGNY,

                    Plaintiff,

          -against-

UNITED STATES OF AMERICA;
GEOFFREY S. BERMAN; ELINOR
TORLOW; MOLLIE BRACEWELL; JACOB
GUTWILLING; AARON MYSLIWIEC;
THEIR OFFICERS AND AGENTS,
SERVANTS, EMPLOYEES, ATTORNEYS,
AND ALL OTHERS (INCLUDING
SUBSIDIARIES) IN ACTIVE CONCERT OF
PARTICIPATION, IN THEIR OFFICIAL AND
INDIVIDUAL CAPACITY,

                    Defendants.

20-CV-5346 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

Plaintiff is currently detained in the Metropolitan Detention Center in Brooklyn pending

sentencing in a criminal case in this court before Judge Jesse M. Furman, in which Plaintiff is

represented by counsel. *See United States v. Dupigny*, No. 18-CR-0528-1 (JMF) (S.D.N.Y.)

(sentencing adjourned to March 23, 2021). He invokes the Court's federal question jurisdiction,

alleging that Defendants are violating his federal constitutional rights in the course of his federal

criminal case before Judge Furman. Plaintiff paid the filing fees to bring this action.[1] For the

reasons set forth below, the Court dismisses the complaint.

_____

[1] At the time he filed this action, Plaintiff did not pay the filing fees or submit an
application to proceed *in forma pauperis* ("IFP") and prisoner authorization. By order dated July
27, 2020, Chief Judge McMahon directed Plaintiff to either pay the fees or submit an IFP
application. (ECF No. 2.) Chief Judge McMahon subsequently granted Plaintiff two extensions
of time to comply with the July 27, 2020 order. (ECF Nos. 4, 6.) On December 7, 2020, the
Court received from Plaintiff a money order for $400.00 and a copy of a complaint, which the
Clerk of Court opened as a new civil action, assigned it docket number 20-CV-10281 (AJN).
Because the filing fees increased to $402.00 on December 1, 2020, the Clerk of Court returned

**STANDARD OF REVIEW**

The Prison Litigation Reform Act ("PLRA") requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

---

Plaintiff's $400.00 money order as insufficient to file the new action. Judge Alison J. Nathan dismissed Plaintiff's complaint under docket number 20-CV-10281 as duplicative of this action. *Dupigny v. United States*, ECF 1:20-CV-10281, 4 (S.D.N.Y. Dec. 11, 2020). By order dated December 14, 2020, the Court granted Plaintiff a final opportunity to either resubmit the $400.00 in fees – the relevant fees at the time he filed the complaint in this action – or submit an IFP application and prisoner authorization. On January 22, 2021, the Court received from Plaintiff a check for $402.00 labeled with the docket number 20-CV-10281 (AJN). Because that action was dismissed as duplicative of this action and is now closed, the Court applied Plaintiff's payment to this action, and by order dated February 12, 2021, Chief Judge McMahon directed the Clerk of Court to return the $2.00 overpayment to Plaintiff.

The Supreme Court of the United States has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

## BACKGROUND

On January 23, 2020, a jury found Plaintiff guilty of one count of conspiracy to commit sex trafficking and one count of sex trafficking of a minor. (*See* ECF 1:18-CR-0528, 253.) Plaintiff is currently awaiting sentencing.

On July 9, 2020, Plaintiff filed this action, asserting that Defendants violated his federal constitutional rights in the course of his criminal proceedings. He sues the United States of America; former U.S. Attorney for the Southern District of New York Geoffrey S. Berman; Assistant U.S. Attorneys Elinor Torlow, Mollie Bracewell, and Jacob Gutwilling; and Aaron Mysliwiec, an attorney who represented Plaintiff in his criminal case. Plaintiff alleges that Defendants have "not demonstrated a prima facie showing of a corpus delicti which is necessary to admit a confession." (ECF No. 1, at 19.) He was "held and tried within a hostile environment where Defendants prosecute, judge, and defend their own case and where they wield their power unjustly and arbitrarily to oppress Plaintiff." (*Id.* at 21.) Plaintiff is "not protected against tyranny and illegal practices." (*Id.*)

Plaintiff seeks an injunction ordering Defendants to "cease and desist" their prosecution of him, to "dismiss" the criminal charges for which he has been convicted, and to release him from custody "without any conditions." (*Id.* at 16.)

### DISCUSSION

**A.      The Court will not intervene in Plaintiff's criminal proceedings**

This action requests intervention in Plaintiff's ongoing criminal proceedings. Because the Court will not intervene in those proceedings under the doctrine established in *Younger v. Harris*, 401 U.S. 37 (1971), the Court dismisses the complaint.

In *Younger v. Harris*, the Supreme Court held that federal courts may not stay or enjoin pending state court proceedings except under extraordinary circumstances. Many courts have extended the holding of *Younger* and concluded that federal courts also may not stay or enjoin federal prosecutions. This extension relies on one basis of *Younger*'s holding: federal courts are bound by the "basic doctrine of equity jurisprudence that courts of equity should not act, and particularly should not act to restrain a criminal prosecution, when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." *Id.* at 43-44. As the Supreme Court stated in an earlier case:

> It is a familiar rule that courts of equity do not ordinarily restrain criminal prosecutions. No person is immune from prosecution in good faith for his alleged criminal acts. Its imminence, even though alleged to be in violation of constitutional guaranties, is not a ground for equity relief since the lawfulness or constitutionality of the statute or ordinance on which the prosecution is based may be determined as readily in the criminal case as in a suit for an injunction.

*Douglas v. City of Jeannette*, 319 US 157, 163 (1943). Accordingly, when asked to intervene in pending federal criminal proceedings, courts have inevitably refused. *See, e.g.*, *Ceglia v. Zuckerberg*, 600 F. App'x 34, 37-38 (2d Cir. 2015) (summary order) (under *Younger*, a court may civilly enjoin a criminal prosecution only "where the danger of irreparable loss is both great

and immediate," but "[g]enerally, no danger exists where the defendant has the opportunity to offer a defense in the criminal prosecution . . . in a federal forum." (citing *Deaver v. Seymour*, 822 F.2d 66, 69 (D.C. Cir. 1987) (affirming denial of an attempt to enjoin prosecution by an independent counsel, and noting that "in no case that we have been able to discover has a federal court enjoined a federal prosecutor's investigation or presentment of an indictment")); *Barnes v. Salina*, No. 18-CV-6060, 2018 U.S. Dist. LEXIS 19421, at *1-3 (W.D.N.Y. Feb. 5, 2018) (dismissing petition under § 2241 that sought release from custody and dismissal of pending federal criminal charges: "While *Younger* involved a case where a federal court was asked to interfere in a pending state criminal prosecution, its equitable principles apply where federal courts are asked to interfere in a federal criminal action."); *Kajtazi v. Johnson-Skinner*, No. 16-CV-9434 (AJN), 2017 WL 436038, *2 (S.D.N.Y. Jan. 30, 2017) ("Because there are adequate remedies available to [Petitioner] within the underlying criminal proceedings to address the issues raised in his Complaint, the application for an injunction is properly dismissed.") (citation and internal quotation marks and alterations omitted); *Campbell v. Chase Nat'l Bank*, 5 F. Supp. 156, 167 (S.D.N.Y. 1933), *aff'd*, 71 F.2d 671 (2d Cir. 1934) (dismissing suit against United States Attorney, which sought to enjoin prosecution of indictment: "Campbell has raised the constitutional question here involved in the criminal case by his demurrers, and that question can be decided as well there as on the equity side of the court. Campbell has, therefore, an adequate remedy at law – that it may not be such an agreeable remedy from his point of view is beside the point.").

As Plaintiff asks this Court to intervene in a pending criminal matter before Judge Furman, in which he is represented by counsel, the Court concludes that the *Younger* doctrine applies, declines to intervene, and dismisses the complaint on this basis.

If Plaintiff wishes to litigate the claims raised in this complaint or raise objections to the ongoing criminal proceedings, he should file the appropriate motion in the criminal action. If he is not satisfied with the result, he may raise the issue on direct appeal or in a motion under 28 U.S.C. § 2255.

Plaintiff must write the docket number for his criminal case, 18-CR-0528-1 (JMF), on any submission he sends to the Court with respect to his criminal case.

**B.      Leave to amend is denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court dismisses the complaint as barred by the *Younger* abstention doctrine.

SO ORDERED.

Dated:    February 17, 2021
          New York, New York

                                        _Louis L. Stanton_
                                        LOUIS L. STANTON
                                        U.S.D.J.