UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HUBERT DUPIGNY,<br><br>                              Plaintiff,<br><br>         -against-<br><br>UNITED STATES OF AMERICA; GEOFFREY S. BERMAN; ELINOR TORLOW; MOLLIE BRACEWELL; JACOB GUTWILLING; AARON MYSLIWIEC; THEIR OFFICERS AND AGENTS, SERVANTS, EMPLOYEES, ATTORNEYS, AND ALL OTHERS (INCLUDING SUBSIDIARIES) IN ACTIVE CONCERT OF PARTICIPATION, IN THEIR OFFICIAL AND INDIVIDUAL CAPACITY,<br><br>                              Defendants. | 20-CV-5346 (LLS)<br><br>ORDER |

LOUIS L. STANTON, United States District Judge:

      By order dated February 17, 2021, and entered on February 19, 2021, the Court dismissed Plaintiff's complaint as barred by the *Younger* abstention doctrine, and on the same date, the Clerk of Court entered judgment. (ECF 12, 13.) On March 22, 2021, Plaintiff filed a notice of appeal to the United States Court of Appeals for the Second Circuit. (ECF 14.)

      After Plaintiff filed his notice of appeal, he continued to file documents in this Court: On May 26, 2021, over three months after the Court's order of dismissal and two months after Plaintiff filed a notice of appeal, Plaintiff filed a motion for reconsideration of the Court's order of dismissal. (ECF 15.) On August 16, 2021, Plaintiff filed a complaint that was captioned for the United States District Court for the Northern District of New York, but included the docket number of this action. Because Plaintiff captioned the submission with this docket number, named many of the same defendants, and asserted similar claims, the Clerk of Court docketed the submission as an amended complaint in this action. (ECF 16.) Finally, on August 23, 2021,

Plaintiff filed a motion for reconsideration that is virtually identical to his May 26, 2021 motion, which the Clerk of Court docketed as an Amended Motion for Reconsideration. (ECF 17.)

By Mandate issued on September 2, 2021, the Second Circuit dismissed the appeal because Plaintiff failed to pay the appeal fees or file an application to proceed *in forma pauperis*. *See* No. 21-816 (2d Cir. Sept. 2, 2021); (ECF 18).

The Court liberally construes Plaintiff's submissions (ECF 15-17) as a motion under Fed. R. Civ. P. 60(b) for relief from a judgment or order.[1] *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (The solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a *pro se* litigant understands what is required of him" (citations omitted)). After reviewing the arguments in Plaintiff's submissions, the Court denies the motion.

## DISCUSSION

Under Fed. R. Civ. P. 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

---

[1] Because Plaintiff filed his submissions more than 28 days after the Court entered judgment, the Court declines to construe Plaintiff's submission as a motion to alter or amend a judgment under Rule 59(e) of the Federal Rules of Civil Procedure.

Fed. R. Civ. P. 60(b).

In each of his submissions, Plaintiff repeats the same allegations regarding his ongoing federal criminal proceedings that this Court has already rejected, and again requests that this Court intervene in his criminal proceedings.

The Court has considered Plaintiff's arguments, and even under a liberal interpretation of his motion, Plaintiff has failed to demonstrate that any of the grounds listed in the first five clauses of Fed. R. Civ. P. 60(b) apply. Therefore, the motion under any of these clauses is denied.

To the extent that Plaintiff seeks relief under Fed. R. Civ. P. 60(b)(6), the motion is also denied. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A party moving under Rule 60(b)(6) cannot circumvent the one-year limitation applicable to claims under clauses (1)-(3) by invoking the residual clause (6) of Rule 60(b). *Id.* A Rule 60(b)(6) motion must show both that the motion was filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of America, Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (per curiam) (citation omitted). Plaintiff has failed to demonstrate that extraordinary circumstances exist to warrant relief under Fed. R. Civ. P. 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950).

## CONCLUSION

The Court denies Plaintiff's motion for reconsideration (ECF 15, 16, 17.)

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

Plaintiff's case in this Court under Docket No. 20-CV-5346 is closed. The Court will only accept for filing documents that are directed to the Second Circuit Court of Appeals. If Plaintiff

files other documents that are frivolous or meritless, the Court will direct Plaintiff to show cause why Plaintiff should not be barred from filing further documents in this action.

SO ORDERED.

Dated: September 9, 2021
       New York, New York

                                                                *Louis L. Stanton*
                                                                LOUIS L. STANTON
                                                                    U.S.D.J.